HOOD, Judge.
This is an action for workmen’s compensation benefits instituted by Tommy Hilt againt Port City Construction Company and its insurer, Employers Liability Assurance Corporation. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The issue presented is whether plaintiff has been totally disabled since the payment of compensation benefits was discontinued by defendants, or alternatively, whether he has been partially disabled since that time.
Plaintiff was injured on July 11, 1968, while working as a common laborer for Port City Construction Company. His injury consisted of a transverse fragmented fracture of the mid-shaft of the left femur. He was treated for that injury by Dr. Murray Brown and by Dr. Edward J. Le-Blanc, Jr., the latter being a general surgeon. He was examined on at least three occasions after the accident by Dr. C. W. Lowrey, an orthopaedic surgeon.
Dr. Brown examined plaintiff initially, and he referred him immediately to Dr. LeBlanc, who performed an open reduction and internal fixation of the fracture of plaintiff’s leg, which included the insertion of a 14.5 inch nail or pin into the leg. Dr. LeBlanc continued to treat plaintiff until about June 24, 1971.
Hilt was hospitalized from April 26 to May 1, 1971, because of a false bursa over the left hip. During that period of hospitalization the pin or nail in his left leg was removed by Dr. LeBlanc. On May 17 that physician stated that post-operatively plaintiff did well, and that he expected to discharge him “in another two or three weeks.” On June 24, 1971, Dr. LeBlanc reported:
“I feel that Tommy Hilt, at the present time will only have the disability that one would normally suspect from having sustained a fracture of the femur which has healed with % inch shortening of the left leg. Except for a slight limp that patient should have no disability referable to this leg. He should be able to do construction work.”
Dr. LeBlanc examined plaintiff again on September 14, 1972, and reported at that time that plaintiff’s left leg was one-half inch shorter than the right, that his left thigh was one-half inch less in circumference than the right, and that the left calf was one-quarter inch less than the right. In view of the one-half inch shortening of the lower extremity and a slight atrophy of the left lower leg and thigh, he concluded that plaintiff had about a 15 percent disability of the left lower extremity. The doctor reported, however, that “I feel that this patient can return back to the construction work that he was on before and still feel that work would be the best cure for this patient in the long run.”
*627 Dr. Lowrey examined plaintiff on April 24 and September 9, 1970, and September 15, 1971. On the first examination he reported that plaintiff had “approximately 10% impairment of the extremity as a whole and after removal of the Kirschner nail, he should be able to return to prior employment.” After the second examination Dr. Lowrey recommended that the pin be removed from plaintiff’s leg, and he stated, “After surgery, he should be able to return to construction work.”
The final examination was made by Dr. Lowrey on September 15, 1971, which was after the pin had been removed from plaintiffs leg. Following that examination, the doctor reported:
“In view of normal motion, good x-ray evidence of healing I feel that this patient can be discharged from further care to return to construction work. I would estimate at most 5 to 10 percent residual impairment of the extremity as a whole.”
The defendant insurer paid workmen’s compensation benefits to plaintiff at the then maximum rate of $35.00 per week from the date of the accident until June 23, 1971. The total sum of $5,390.00 was paid in weekly benefits, and the additional amount of $1,662.50 was paid as medical expenses. We assume that the payment of benefits was discontinued on June 23, 1971, because of the medical reports which defendants had received from Dr. LeBlanc and from Dr. Lowrey. This suit was instituted on June 22, 1972.
The trial judge concluded that plaintiff has not been disabled, either totally or partially, since the date on which the payment of compensation benefits was discontinued. He found that plaintiff has a “specific residual loss of a member, not exceeding 15%,” but that the benefits already paid to him exceed those to which he may have been entitled under LSA-R.S. 23:1221(4) (h) and (4)(o). He also concluded that plaintiff has received more than he might have been entitled to claim for the impairment of the usefulness of a physical function under LSA-R.S. 23:1221(4) (p). Judgment thus was rendered rejecting plaintiff’s demands.
Plaintiff was 25 years of age when the accident occurred. He was working as a laborer on a construction job at that time, and his duties required him to climb on ladders or scaffolding. He testified that he has not done construction work after he injured his leg, but that since that time he has mowed lawns, performed janitor work, and worked as a stock clerk in a grocery store, and that he worked as a cook in a restaurant for about one year immediately before the case was tried. He stated that he experiences pain in his leg, knee and hip after standing for a while and when he climbs. He contends that because of his leg injury he is no longer able to compete in the common labor market, and that he thus is entitled to recover compensation benefits based on total and permanent disability.
The trial judge obviously did not accept plaintiff’s statements that he is unable to return to the same type of work he was doing before the accident, and we also find plaintiff’s testimony to be unconvincing. The medical evidence is uncontradicted to the effect that plaintiff is able to return to his former duties, despite the fact that he has a five to fifteen percent loss of function of his left leg. The evidence thus supports the conclusions reached by the trial judge, and we will not disturb his findings.
We find no merit to plaintiff’s claim that he is still partially disabled as a result of the accident, and that he thus is entitled to compensation benefits under LSA-R.S. 23:1221(3). The trial judge concluded, and we agree, that plaintiff has been able to perform construction work, requiring heavy manual labor, since the date on which the payment of compensation benefits was discontinued, and that he thus has not been partially disabled since that time.
*628 • Our conclusion is that there is no error in the judgment rendered by the trial court rejecting plaintiff’s demands.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.